IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANGEMAN MANUFACTURING LTD.,

Plaintiff,

v.

PINNACLE WEST ENTERPRISES, INC., RHINO LININGS USA, INC., TRIM TAPE, INC., ULTIMATE LININGS LTD.,VORTEX SPRAYLINERS, INC., ZEFR COMPOSITES, INC., ZIEBART INTERNATIONAL CORP., BALLWEG CHEVROLET, INC., D&J SERVICE CENTER, DOUBLE G COLLISION CLINIC, L.L.C., JONES CHEVROLET-BUICK-PONTIAC-CADILLAC, INC., KING KOLLISION, L.L.C., KUNES COUNTRY CHEVROLET–CADILLAC, INC., MONROE TRUCK EQUIPMENT, INC. and ZIEBART'S RHINO LINING–JANESVILLE,,

Defendants.

OPINION and ORDER

07-cv-00411-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and injunctive relief, plaintiff Langeman Manufacturing Ltd contends that defendants infringed three patents that it owns, U.S. Patent No. 6,284,319 (the '319 patent), U.S. Patent No. 6,875,469 (the '469 patent) and U.S. Patent No. 7,014,900 (the '900 patent). All three patents relate to edge trimming tape.

Now before the court is defendant Zefr Composites' motion to dismiss for lack of

personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Defendant contends that this court lacks jurisdiction over it because it lacks sufficient contacts with the state of Wisconsin. Because I find that plaintiff has made a prima facie showing that jurisdiction is proper in this district under both Wisconsin's long arm statute and the requirements of due process, defendant's motion will be denied. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (quoting Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002)) (when court decides motion on written submissions without evidentiary hearing, "the plaintiff need only make out a prima facie case of personal jurisdiction"). See also Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006).

From the parties' pleadings and supporting materials, I find the following facts material and undisputed for the purpose of deciding this motion. Purdue Research Foundation, 338 F.3d at 782 (in evaluating plaintiff's satisfaction of prima facie standard, court accepts all well-pleaded allegations in complaint as true, unless controverted by challenging party's affidavits; any conflicts concerning relevant facts are to be decided in favor of party asserting jurisdiction).

JURISDICTIONAL FACTS

Plaintiff Langeman Manufacturing Ltd. is a private company organized under the laws

of Canada. It manufactures and sells several varieties of edge trimming tape, used to trim spray-on truck bed liners. Defendant Zefr Composites, Inc. is a Nevada corporation with its principal place of business in San Diego, California. It is in the business of selling materials used in truck bed linings, but does not manufacture these products itself. Since its inception, defendant has sold a small volume of "trim devices," such as wire tape, to its customers. Its total profits for these "trim devices" have been less than $7,000.

Defendant maintains a website with the URL www.sprayliner.com. However, its customers are not able to place orders through the website. The website includes a "Dealer Area," which appears to require a password for entry, but is non-functional. Defendant has no offices or employees in Wisconsin, and none of its employees have ever traveled to the state.

On February 9, 2006, July 6, 2006, September 6, 2006, March 20, 2007 and July 16, 2007, defendant sold and shipped ten rolls of allegedly infringing wire tape to Jones Chevrolet-Olds-Cadillac, Inc. in Richland Center, Wisconsin. Defendant charged Jones Chevrolet-Olds-Cadillac, Inc. $110 for each order of ten rolls of tape. These invoices total $13,680.90 for all goods sold.

OPINION

Personal jurisdiction is "an essential element of the jurisdiction without which the

court is "powerless to proceed to an adjudication" of the merits of a lawsuit. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citing Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937)). A federal court has personal jurisdiction over a non-consenting, nonresident defendant if a court of the state in which that court sits would have jurisdiction over the lawsuit. Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir. 1986).

This court applies Federal Circuit law to decide a question of personal jurisdiction in a patent infringement case. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). Determining whether a district court can exercise personal jurisdiction over a defendant involves a two-step inquiry. Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005). First, the court must determine whether the defendant is subject to jurisdiction under the forum state's long-arm statute. Id. In this case, Wisconsin's long-arm statute applies and Wisconsin law guides this court regarding its application. Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 958 (W.D. Wis. 2007). When there is no Wisconsin case law on point, the court considers Federal Circuit case law as persuasive authority. Id. Second, if jurisdiction exists, the court must consider whether its exercise satisfies due process requirements. Trintec Industries, Inc., 395 F.3d at 1279.

Before discussing the merits of defendant's arguments, a word about the parties' briefs

is warranted. In its opening brief in support of its motion to dismiss, defendant's argument was focused primarily on whether it had sufficient minimum contacts with Wisconsin to satisfy the requirements of due process. Dkt. #51. In that brief, defendant contends that it made no sales in Wisconsin and therefore did not have sufficient minimum contacts to establish general or specific jurisdiction here. It argues that the only potential ground for jurisdiction is its operation of a passive website; the majority of its brief is devoted to a discussion regarding the principles of internet jurisdiction. In response, plaintiff identified defendant's sales and shipment of allegedly infringing products to a Wisconsin customer as its grounds for asserting jurisdiction under both the Wisconsin long arm statute and the requirements of due process. As it turns out, defendant's lengthy discussion regarding internet jurisdiction is unnecessary, because the real issues in dispute are (1) whether defendant's transactions with a Wisconsin customer constitute sales in this state and, (2) whether the exercise of personal jurisdiction is proper in light of these transactions.

A. Wisconsin's Long-Arm Statute

Under Wisconsin law, plaintiff bears the minimal burden of making a prima facie showing that constitutional and statutory requirements for the assumption of personal jurisdiction are satisfied. Kopke v. A. Hartrodt S.R.L., 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 629 N.W.2d 662. Wisconsin liberally construes its long-arm statute in favor of jurisdiction.

Id. ¶ 10. A court may make reasonable inferences regarding jurisdictional facts or contacts from other evidence in the record. Stevens v. White Motor Corp., 77 Wis. 2d 64, 75, 252 N.W.2d 88, 94 (1977).

Plaintiff contends that Wis. Stat. § 801.05(4)(b) authorizes this court to exercise personal jurisdiction over defendant. Under § 801.05(4)(b), Wisconsin courts may exercise personal jurisdiction over a nonresident defendant whose foreign act gives rise to a local injury:

> A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:
>
> . . .
>
> (4) Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
>
> . . .
>
> (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Thus, plaintiff must make a prima facie showing that it was injured in Wisconsin, that defendant's act outside Wisconsin caused the injury and that defendant "processed, serviced or manufactured" products that were used in Wisconsin in the ordinary course of business. Wis. Stat. § 801.05(4).

Defendant argues that it could not have injured plaintiff in Wisconsin because all of its sales of wire tape occurred in California, and none took place in Wisconsin. It contends that this result is dictated by the Uniform Commercial Code, as adopted in Wisconsin, which specifies the location of passage of title. Section 402.401(2)(a) of the Wisconsin statutes provides that, "if [a] contract authorizes a seller to send the goods to a buyer but does not require the seller to deliver them at destination, title passes to the buyer at the time and place of shipment." However, the statute continues "but (b) if the contract requires delivery at destination, title passes on tender there." Wis. Stat. § 402.401(2)(a)-(b). The invoices submitted by plaintiff do not specify whether defendant was required to deliver the goods to its customer in Wisconsin. It is not clear whether subsection (a) or (b) governs the location of these sales for the purposes of the Uniform Commercial Code and, therefore, whether commercial law would recognize the location of the sale as California or Wisconsin.

Although this ambiguity might present a problem in a different setting, I need not resolve it in this case. Even if I assume that the Uniform Commercial Code would identify the location of the sales in question as California for the purposes of commercial law, defendant's reliance on this rigid rule for the purposes of evaluating personal jurisdiction is misplaced.

In North American Philips Corp. v. American Vending Sales, 35 F.3d 1576, 1578-79

(Fed. Cir. 1994), the Court of Appeals for the Federal Circuit rejected a similar rigid application of commercial law when evaluating whether the Illinois long arm statute conferred jurisdiction on a federal district court in that state in a patent infringement suit. 35 F.3d at 1579. Specifically, the court of appeals rejected the defendant's argument that because an item "changed hands" outside of Illinois, no tort was committed in Illinois, even though the item was subsequently shipped to the state. Id. (noting that commercial law may in "formal terms" have deemed sale to have occurred at "the single point at which some legally operative act took place" but that situs of infringement is defined by federal law and to "hold otherwise would exalt form over substance"). Instead, the court held that a patent holder is "injured" by patent infringement when and where an infringing product is sold. North American Philips Corporation, 35 F.3d at 1579 ("to sell an infringing article to a buyer in Illinois is to commit a tort there . . ."); see also 35 U.S.C. § 271(a) (liability arises upon making, using or selling of infringing article).

In this case, there is evidence that, on at least five occasions, defendant sold and shipped allegedly infringing wire tape to a customer in Wisconsin. When the tape was delivered to the Wisconsin customer as a result of defendant's sale, plaintiff suffered an "injury" in this state. In addition, defendant's "acts" of offering the tape for sale and shipping it from its principal place of business in California caused this injury.

Therefore, the first two requirements for proper exercise of jurisdiction under the long-arm statute are satisfied and I turn to its final element. Wis. Stat. § 801.05(4). Defendant argues that the third element requires "some additional contact such as solicitation activities carried out by the defendant while link the defendant to the state." Dkt. #68 (quoting Wayne Pigment Corp. v. Halox, 220 F. Supp. 2d 931 (E.D. Wis. 2002). This is true, but the statute itself identifies the nature of this "additional contact." It requires that either: "(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade." Wis. Stat. § 801.05(4).

Defendant is correct that there is no indication that it actively solicited business in Wisconsin. However, there is evidence that defendant "processed" products that were used in the regular course of business in Wisconsin, as the term "processed" has been defined by the Wisconsin Supreme Court. In Kopke, the Wisconsin Supreme Court adopted the position that "processed" in the context of Wis. Stat. § 801.05(4) "should be interpreted to include a distributor's purchase and sale of goods in the normal course of distribution of those goods." Kopke, 2001 WI 99, ¶ 11, 245 Wis. 2d 396, 629 N.W.2d 662 (adopting definition of "processed" used by Court of Appeals for the Seventh Circuit in Nelson by Carson v. Park Industries, Inc., 717 F.2d 1120 (7th Cir. 1983)). In this case, there is very

little evidence about defendant's handling of the products it shipped to Wisconsin. However, defendant acknowledges that it is a distributer that sells wire tape to its customers. This is consistent with the broad definition of "processed" adopted in Kopke. 2001 WI 99, ¶ 17, 245 Wis. 2d 396, 629 N.W.2d 662. In addition, it is reasonable to infer from the fact that defendant sold ten rolls of allegedly infringing wire tape to one Wisconsin customer on five occasions that these sales occurred in the "ordinary course of business." Therefore, I find that plaintiff has made a prima facie showing that all elements of the Wisconsin long arm statute have been met and that the court may properly exercise jurisdiction over defendant under that statute.

B. Due Process

Finding that a defendant's activities come within the reach of the state's long-arm statute is just the first step of a two-step inquiry. Trintec Industries, Inc., 395 F.3d at 1279. The second step requires the court to find that the exercise of personal jurisdiction over the defendant would not violate its due process rights. Id. To determine whether jurisdiction over an out-of-state defendant comports with due process, a court looks to whether (1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or relates to the defendant's activities with the forum state; and (3) assertion

of personal jurisdiction is reasonable and fair. Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003). Although the plaintiff bears the burden to establish minimum contacts, upon this showing, defendants must prove that the exercise of jurisdiction is unreasonable. Id.

The crucial inquiry is whether the defendant's contacts with the state are such that it should reasonably anticipate being haled into court because it has "purposefully availed itself" of the privilege of conducting activities in the forum state, invoking the benefits and protections of the state's laws. International Medical Group, Inc. v. American Arbitration Association, Inc., 312 F.3d 833, 846 (7th Cir. 2002) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

Personal jurisdiction comes in two forms: general and specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984). General jurisdiction exists only when a party has "continuous and systematic" contacts with the forum state. Id. at 416. When general jurisdiction exists, a party may be sued in the forum state on any matter, even one unrelated to the party's contacts with the state. Id. Because the consequences of finding general jurisdiction are more far-reaching than those flowing from a finding of specific jurisdiction, the constitutional standard for general jurisdiction is considerably more stringent than the standard for specific jurisdiction. Purdue Research Foundation, 338 F.3d

at 787; Bancroft & Masters, Inc. v. Augusta National Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (general jurisdiction "requires that the defendant's contacts be of the sort that approximate physical presence"). In this case, defendant has sold products in Wisconsin, but has no other ongoing presence in the state. Therefore, general jurisdiction does not exist.

Specific jurisdiction is established when a lawsuit "arises out of" or is "related to" a party's minimum contacts with the forum state. Requiring a nexus between a party's contacts and the parties' dispute adds a degree of predictability to the legal system by allowing potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. Hyatt International Corp., 302 F.3d at 716. The reason for this is simple:

> Potential defendants should have some control over—and certainly should not be surprised by—the jurisdictional consequences of their actions. Thus, when conducting business with a forum in one context, potential defendants should not have to wonder whether some aggregation of other past and future contacts will render them liable to suit there.

Id.

"[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297

(1980).

Defendant is a Nevada corporation based in California. Having rejected defendant's legal argument that it made no "sales" in Wisconsin, I find that there is evidence that defendant has sold allegedly infringing products to at least one Wisconsin customer on several occasions and shipped these products to the state. These sales took place with relative regularity over a period of eighteen months. This is evidence that defendant "purposefully directed" its sales activities at Wisconsin residents. In addition, plaintiff's claim of patent infringement arises out of precisely these sales of allegedly infringing wire tape.

Given defendant's repeated and ongoing sales of allegedly infringing wire tape to at least one Wisconsin customer, there is every reason to conclude that it would have reasonably anticipated being forced to defend these sales in a Wisconsin forum. Therefore, the exercise of specific jurisdiction over defendant comports with the requirements of due process. Because defendant's sales in Wisconsin provide sufficient grounds for this court to exercise of personal jurisdiction over it, I need not consider defendant's argument that its operation of a passive website is insufficient to establish jurisdiction here.

ORDER

IT IS ORDERED that defendant Zefr Composites' motion to dismiss for lack of personal jurisdiction is DENIED.

Entered this 28th day of November, 2007.

BY THE COURT:
BARBARA B. CRABB
District Judge