IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LANGEMAN MANUFACTURING, LTD.,<br>    *Plaintiff,*<br><br>v.<br><br>PINNACLE WEST ENTERPRISES, INC.,<br>RHINO LININGS USA, INC.,<br>TRIM TAPE, INC.,<br>ULTIMATE LININGS LTD.,<br>ZEFR COMPOSITES, INC.,<br>ZIEBART INTERNATIONAL CORP.,<br>BALLWEG CHEVROLET, INC.,<br>DOUBLE G COLLISION CLINIC, L.L.C.,<br>KING KOLLISION, L.L.C., and<br>ZIEBART'S RHINO LINING – JANESVILLE.<br>    *Defendants.* | CIVIL ACTION NO. 07-CV-0411-C<br><br>DEMAND FOR JURY TRIAL |

### PLAINTIFF LANGEMAN MANUFACTURING LTD'S MOTION TO EXCLUDE DEFENDANTS FROM PRESENTING EVIDENCE AND ARGUMENTS INCONSISTENT WITH THIS COURT'S PREVIOUS OPINIONS AND ORDERS

**(Plaintiff's Motion in Limine No. 3)**

**I.   INTRODUCTION**

In order to avoid unfair prejudice and jury confusion, Plaintiff, Langeman Manufacturing, Ltd. ("Langeman"), respectfully moves this Court to issue an order to exclude Defendants Rhino Linings USA, Inc., Ballweg Chevrolet, Inc. and King Kollision, LLC ( collectively "Rhino") or any witnesses called on their behalf from presenting evidence or arguments that are inconsistent with:  (1) the opinion and order regarding claim construction that this Court issued on May 23, 2008; and (2) the opinion and order granting summary judgment of infringement that this Court issued on August 18, 2008, including the "undisputed facts" set forth in that order.

## II. ARGUMENT

### A. Rhino Should Be Precluded From Offering Any Other Arguments or Expert Testimony That Are Inconsistent With the Court's Claim Construction Decisions.

"Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed.Cir.1997). "When the parties raise an actual dispute regarding the proper scope of [ ] claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).

The Court's claim construction opinion and order resolved the parties' disputes regarding the meaning of the terms disputed at that time. The Court's opinion and order on summary judgment resolved an additional claim construction disputer regarding the meaning of a "an elongated filament adhered to said substrate." As such, Rhino should not be allowed to continue to argue the meaning and technical scope of claim terms in front of the jury, or from offering arguments or expert testimony that is wholly inconsistent with those constructions.

### B. Rhino Should be Precluded From Rearguing Direct Infringement and From Introducing Evidence or Making Arguments to Challenge the Undisputed Facts in the Court's Opinion and Order on Summary Judgment.

Both parties submitted summary judgment briefing, proposed findings of fact and supporting evidence on the issue of infringement. Rhino lost. The Court granted Langeman's motion for summary judgment of infringement in full. Opinion and Order (Aug. 18, 2008) at 20. As such, Rhino should not be allowed to reopen and reargue the issue of direct infringement before the jury. Likewise, Rhino should be precluded from offering at trial any evidence, testimony or argument to challenge the undisputed facts set forth in the Court's opinion and order. *See Id.* at 3-11 (setting forth the "undisputed facts" based on the parties' proposed

findings submitted pursuant to the Court's local rules). The Court has already ruled as a matter of law on these issues. Accordingly, Rhino should be precluded from introducing evidence, attorney argument or testimony to the contrary in an attempt to reopen these issues because such evidence and argument would be unfairly prejudicial to Langeman, confusing to the jury, and a waste of the Court's time. *See* Fed. R. Evid. 403.

### III. CONCLUSION

In order to prevent unfair prejudice and to prevent Rhino from making arguments contrary to Court's prior rulings that are likely to confuse the jury, Langeman respectfully requests that this Court preclude Rhino from making any references or arguments that are inconsistent with the Court's previous opinions and orders on claim construction and summary judgment. A proposed Order is attached.

-4-

Dated: August 22, 2008  Respectfully submitted,

*/s/ Avelyn M. Ross*
Willem G. Schuurman (SBOT # 17855200)
Adam V. Floyd (SBOT # 00790699)
Avelyn M. Ross (SBOT #24027871)
Michael A. Valek (SBOT #24044028)
Joseph D. Gray (SBOT #24045970)
Nicole E. Grodner (SBOT # 24050694)
VINSON & ELKINS, L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8411
Fax: (512) 236-3218
bschuurman@velaw.com
afloyd@velaw.com
aross@velaw.com
mvalek@velaw.com
jgray@velaw.com
ngrodner@velaw.com

Morgan L. Copeland, Jr. (SBOT # 04800500)
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin
Houston, Texas 77002-6760
Tel: (713) 758-2661
Fax: (713) 615-5561
mcopeland@velaw.com

Todd G. Smith
GODFREY & KAHN, S.C.
1 East Main Street, Suite 500
P. O. Box 2719
Madison, Wisconsin 53701-2791
Tel: (608) 257-3911
Fax: (608) 257-0609
tsmith@gklaw.com

*Attorneys for Plaintiff Langeman Manufacturing, Ltd.*

1012327_1.DOC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 22nd day of August, 2008, the foregoing document was served on counsel for all parties as follows:

| | |
|---|---|
| Harold V. Johnson<br>Timothy P. Lucier<br>BRINKS HOFER GILSON & LIONE<br>455 N. Cityfront Plaza Dr., Suite 2600<br>Chicago, IL  60611-5599<br><br>Kenneth B. Axe<br>LATHROP & CLARK, LLP<br>740 Regent Street, Suite 400<br>Madison, WI  53701-1507<br><br>*Counsel for Ballweg Chevrolet, Inc., King Kollision, L.L.C., and Rhino Linings USA, Inc.* | q  Via Federal Express<br>q  Via First Class Mail<br>q  Via Fax:  (312) 321-4299; (608) 257-1507<br>n  Via email: hvj@brinkshofer.com;<br>sspringman@brinkshofer.com;<br>kaxe@lathropclark.com; tlucier@usebrinks.com |

    */s/ Dawn Crider*