IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LANGEMAN MANUFACTURING, LTD.,<br>    *Plaintiff,*<br><br>v.<br><br>PINNACLE WEST ENTERPRISES, INC.,<br>RHINO LININGS USA, INC.,<br>TRIM TAPE, INC.,<br>ULTIMATE LININGS LTD.,<br>ZEFR COMPOSITES, INC.,<br>ZIEBART INTERNATIONAL CORP.,<br>BALLWEG CHEVROLET, INC.,<br>DOUBLE G COLLISION CLINIC, L.L.C.,<br>KING KOLLISION, L.L.C., and<br>ZIEBART'S RHINO LINING – JANESVILLE.<br><br>    *Defendants.* | CIVIL ACTION NO. 07-CV-0411-C<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFF LANGEMAN MANUFACTURING, LTD.'S MOTION IN LIMINE TO PREVENT DEFENDANTS FROM PRESENTING EVIDENCE OF INEQUITABLE CONDUCT

**(Plaintiff's Motion in Limine No. 6)**

### I. INTRODUCTION

Plaintiff Langeman Manufacturing, Ltd. ("Langeman") respectfully moves this Court to issue an order precluding Defendant Rhino Linings USA, Inc. ("Rhino") or any witnesses called on its behalf from presenting evidence or arguments regarding any alleged inequitable conduct or any alleged breach of the applicants' duty of candor to the United States Patent & Trademark Office ("PTO").

### II. ARGUMENT

Rhino did not plead the defense of inequitable conduct in its Answer. Inequitable conduct is an affirmative defense that may render a patent unenforceable where an applicant has materially breached its duty of candor to the PTO. *See Nordisk Pharm., Inc. v. Bio-Technology*

*Gen. Corp.*, 424 F.3d 1347, 1359 (Fed. Cir. 2005). Because it is analogous to an allegation of fraud, precedent requires that the defense of inequitable conduct be pled with particularity pursuant to Federal Rule of Civil Procedure ("FRCP") 9(b). *Ferguson Beauregard v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (holding that Rule 9(b)'s particularity requirements apply to inequitable conduct allegations); *Hyperphrase Tech., LLC v. Google, Inc.*, 2006 WL 5908357, at *1 (W.D. Wis. September 07, 2006) (same). In this case, Rhino has made no mention of any alleged inequitable conduct in its pleadings, much less endeavored to meet the heightened pleading requirement of FRCP 9(b), and for that reason Rhino has waived that affirmative defense. *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 (7th Cir.1981) (holding failure to plead an affirmative defense results in a waiver of that defense); *see also Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005) ("Regional circuit law governs the question of waiver of a defense.") Thus, Rhino should be precluded from raising the affirmative defense of inequitable conduct or presenting any evidence or arguments in support of this defense at trial. *See Carroll v. Acme-Cleveland Corp.*, 955 F.2d 1107, 1115 (7th Cir.1992) (upholding a district court's motion in limine for evidence of an affirmative defense because failure to plead an affirmative defense results in waiver of that defense).

Moreover, Rhino should be precluded from arguing that the inventors, their lawyers, or Langeman itself, somehow breached their duty of candor to the PTO during prosecution of any of the patents-in-suit. Any alleged breach of that duty of candor could be relevant *only* to an inequitable conduct defense. Since, as explained above, that defense has not been raised, any argument that Langeman's or the inventors' dealings with the PTO were somehow improper,

-3-

unethical or less than fully candid is irrelevant and should be excluded. *See* Fed. R. Evid. 401 and 402.

## III. CONCLUSION

Therefore, Langeman respectfully requests that this Court preclude Rhino from making any references or arguments regarding inequitable conduct and from arguing that the applicants somehow breached their duty of candor to PTO. A proposed Order is attached.

-4-

Dated: August 22, 2008

Respectfully submitted,

*/s/ Avelyn M. Ross*

Willem G. Schuurman (SBOT # 17855200)
Adam V. Floyd (SBOT # 00790699)
Avelyn M. Ross (SBOT #24027871)
Michael A. Valek (SBOT #24044028)
Joseph D. Gray (SBOT #24045970)
Nicole E. Grodner (SBOT # 24050694)
VINSON & ELKINS, L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8411
Fax: (512) 236-3218
bschuurman@velaw.com
afloyd@velaw.com
aross@velaw.com
mvalek@velaw.com
jgray@velaw.com
ngrodner@velaw.com

Morgan L. Copeland, Jr. (SBOT # 04800500)
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin
Houston, Texas 77002-6760
Tel:  (713) 758-2661
Fax:  (713) 615-5561
mcopeland@velaw.com

Todd G. Smith
GODFREY & KAHN, S.C.
1 East Main Street, Suite 500
P. O. Box 2719
Madison, Wisconsin  53701-2791
Tel:  (608) 257-3911
Fax:  (608) 257-0609
tsmith@gklaw.com

*Attorneys for Plaintiff Langeman Manufacturing, Ltd.*

1009829_2.DOC

-5-

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2008, the foregoing document was served on counsel for all parties as follows:

| | |
|---|---|
| Harold V. Johnson<br>Timothy P. Lucier<br>BRINKS HOFER GILSON & LIONE<br>455 N. Cityfront Plaza Dr., Suite 2600<br>Chicago, IL  60611-5599<br><br>Kenneth B. Axe<br>LATHROP & CLARK, LLP<br>740 Regent Street, Suite 400<br>Madison, WI  53701-1507<br><br>*Counsel for Ballweg Chevrolet, Inc., King Kollision, L.L.C., and Rhino Linings USA, Inc.* | q   Via Federal Express<br>q   Via First Class Mail<br>q   Via Fax:  (312) 321-4299; (608) 257-1507<br>n   Via email: hvj@brinkshofer.com;<br>sspringman@brinkshofer.com;<br>kaxe@lathropclark.com; tlucier@usebrinks.com |

*/s/ Dawn Crider*